**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Marquis Edwards, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2017-001701

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2018-UP-313
Submitted June 1, 2018 – Filed July 11, 2018

———————

**AFFIRMED**

———————

Marquis Edwards, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(B) (Supp. 2017) (providing that "[t]he court of appeals . . . may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision"

(a) violates constitutional or statutory provisions; (b) exceeds the statutory authority of the agency; (c) is made upon unlawful procedure; (d) is affected by other error of law; (e) is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion); S.C. Code Ann. § 1-23-650(C) (Supp. 2017) ("All hearings before [the Administrative Law Court (ALC)] must be conducted exclusively in accordance with the rules of procedure promulgated by the court pursuant to this section."); SCALC Rule 59 ("The notice of appeal from the final decision to be heard by the [ALC] shall be filed with the [c]ourt and a copy served on each party, including the agency, within thirty (30) days of receipt of the decision from which the appeal is taken."); SCALC Rule 62 ("Upon motion of any party, or on its own motion, [the ALC] may dismiss an appeal . . . for failure to comply with any of the rules of procedure for appeals, including the failure to comply with any of the time limits provided by this section . . . .").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.